UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TONY A. CLINGINGS,

               Plaintiff,

      v.                                  Civil No. 09-194-HA

                                  OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

               Defendant.

_____

HAGGERTY, District Judge:

       Plaintiff Tony A. Clingings seeks judicial review of a final decision by the Commissioner

of the Social Security Administration denying his application for Supplemental Security Income

(SSI) benefits.  This court has jurisdiction to review the Commissioner's decision under 42

U.S.C. § 405(g).  For the following reasons, the Commissioner's decision is reversed and

remanded for further proceedings.

1- OPINION AND ORDER

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits.  20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).  The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th

Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or

equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner

determines the claimant's residual functional capacity (RFC), which is the most an individual can

do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§

404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment

prevents the claimant from engaging in work that the claimant has performed in the past. If the

claimant is able to perform his or her former work, a finding of "not disabled" is made and

disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the

Commissioner proceeds to the fifth and final step and determines if the claimant can perform

other work in the national economy in light of his or her RFC, age, education, and work

experience.

In this five-step framework used by the Commissioner, the claimant has the burden of

proof at steps one through four. Accordingly, the claimant bears the initial burden of

establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a

significant number of jobs in the national economy that the claimant can perform given his or her

RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for

purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner

3- OPINION AND ORDER

meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision.  *Reddick*, 157 F.3d at 720.

4- OPINION AND ORDER

## FACTS

The relevant facts, which are drawn from the administrative record and the ALJ's decision, are summarized here.

Plaintiff has a general educational development (GED) diploma and has past relevant work experience as a laborer in the fishing industry.

Plaintiff protectively filed an application for benefits on January 12, 2005 alleging disability beginning May 15, 1998.  However, due to a previous administrative ruling, the time period at issue begins April 20, 2004.  Plaintiff alleges disability stemming from physical and mental impairments including: hepatitis C, cirrhosis of the liver, headaches, depressive and anxiety disorders, pain, and fatigue.  Plaintiff's application was denied initially but the Appeals Council remanded the case for further proceedings.

An ALJ conducted a hearing on August 6, 2007 at which he heard testimony from plaintiff, who was represented by counsel, and plaintiff's wife.  At plaintiff's first hearing in front of an ALJ, a vocational expert (VE) testified.  On November 20, 2007 the ALJ issued a decision finding plaintiff not disabled as defined in the Social Security Act.  The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since his alleged disability onset date.  Tr. 23, Finding 1.[1]

---

[1] Tr. refers to the Transcript of the Administrative Record.

At step two, the ALJ found that plaintiff has the medically determinable severe impairment of hepatitis C.  Tr. 24, Finding 1.

At step three, the ALJ found that plaintiff does not have an impairment, or combination of impairments, that meets or equals the requirements of any listed impairment.  Tr. 25, Finding 3.

The ALJ determined that plaintiff has the RFC to perform light work that requires maximum lifting of twenty pounds and frequent lifting of ten pounds and includes the capacity for sedentary work.  The ALJ further determined that plaintiff is limited to simple, repetitive, one to three-step tasks typical of entry-level jobs without high levels of stress.  Tr. 26, Finding 4.

At step four, the ALJ found that plaintiff is unable to perform any past relevant work.  Tr. 31, Finding 5.

At step five, the ALJ, found that jobs exist in significant numbers in the national economy that plaintiff could perform.  Tr. 32, Finding 9.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for an award of benefits or for further proceedings due to a number of errors including: (1) improperly rejecting a binding state agency determination, (2) relying on VE testimony that conflicts with the dictionary of occupational titles, (3) improperly rejecting medical source opinions (4) improperly rejecting plaintiff's subjective symptom testimony, and (5) improperly rejecting lay witness testimony.

### State Agency Determination

Plaintiff argues that the ALJ improperly rejected a prior state agency determination that had become final and binding through the doctrine of administrative finality.  In a prior

6- OPINION AND ORDER

application for disability benefits, a state agency reviewing physician found that plaintiff was capable of performing SGA but was limited to sedentary exertion. Tr. 282; *see also* Tr. 21-22 (ALJ acknowledging that this determination was a final administrative decision); 20 C.F.R. § 416.1405. In formulating plaintiff's RFC, however, the ALJ found that plaintiff is capable of light exertion. Plaintiff contends that this was error, and that the ALJ was precluded from finding plaintiff capable of anything more than sedentary exertion.

In *Chavez v. Bowen*, the Ninth Circuit held that "principles of *res judicata* apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." 844 F.2d 691, 693 (9th Cir. 1988) (citation omitted). In order for a claimant to overcome the presumption of continuing nondisability that results from a prior administrative decision, the claimant "must prove changed circumstances indicating a greater disability." *Id*. (quotation and citation omitted). Plaintiff contends that administrative *res judicata* is a two-way street and that the ALJ had the burden of proving "changed circumstances" to account for plaintiff's improved RFC.

Defendant, citing no applicable authority, contends that administrative *res judicata* should not be applied against the Commissioner. Defendant is mistaken. The principle of *res judicata* can be applied against the Commissioner. *Chavez v. Bowen*. 844 F.2d at 694 (holding that *res judicata* applied to an ALJ's finding that a claimant was unable to perform his past work). Defendant also contends that the previous finding, resulting from a physician's opinion, was outdated and should have been treated like any other medical evidence. These arguments ignore the preclusive effect ascribed to final administrative decisions and are rejected.

The ALJ impermissibly found plaintiff to be capable of a greater degree of exertion than he was previously found to be capable of during a prior administrative adjudication. To make

7- OPINION AND ORDER

such a finding, the ALJ should have discussed changed circumstances accounting for the improved capability.

This court has reviewed plaintiff's remaining arguments and concludes that the ALJ's reliance on the VE testimony also constitutes error.  However, the record is insufficiently developed to award benefits at this time.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits.  *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  The decision whether to remand for further proceedings turns upon the likely utility of such proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.

Upon remand, the ALJ shall either give preclusive effect to the previous determination finding plaintiff to have no more than the capacity for sedentary exertion, or the ALJ shall describe the changed circumstances relied upon in finding plaintiff's abilities have increased. The ALJ shall adjust plaintiff's RFC accordingly and consult with a VE regarding plaintiff's newly established RFC.  In his evaluation of plaintiff's testimony, the ALJ is instructed to evaluate plaintiff's credibility without emphasizing his distant history of drug use.  Plaintiff shall also have the opportunity to submit new evidence regarding his alleged impairments.

/ / / /

/ / / /

**CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Tony A. Clingings' application for SSI must

8- OPINION AND ORDER

be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling

and the parameters provided herein.

IT IS SO ORDERED.

DATED this __15__ day of June, 2010.


                                                    __/s/  Ancer L. Haggerty_____
                                                        Ancer L. Haggerty
                                                    United States District Judge

9- OPINION AND ORDER